IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KRYSTLE K.,**[1] <br><br> Plaintiff, <br><br> v. <br><br> **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**, <br><br> Defendant. | Case No. 3:25-cv-24-IM <br><br> **OPINION AND ORDER** |

Rory J. Linerud, PO Box 5734, Salem, OR 97304. Attorney for Plaintiff.

Kevin Danielson, Executive Assistant U.S. Attorney, and Scott E. Bradford, U.S. Attorney, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204; and Michonne L. Omo, Special Assistant U.S. Attorney, Office of the General Counsel, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235. Attorneys for Defendant.

**IMMERGUT, District Judge**

Plaintiff Krystle K. seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security denying her benefits. For the reasons stated below, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

PAGE 1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

On October 14, 2021, Plaintiff applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, alleging disability beginning July 23, 2021. AR 17. The Social Security Administration ("SSA") denied her application initially and upon reconsideration. AR 82–85, 97–100. On February 21, 2024, Plaintiff appeared at a hearing before Administrative Law Judge ("ALJ") Lisa Thomasson. AR 33–55. On April 3, 2024, the ALJ issued a decision finding that Plaintiff had not been under a disability from the alleged onset date through the date of the decision. AR 17–27. Plaintiff requested review of the decision, which the Appeals Council denied. AR 1–6. This appeal followed.

## THE ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity between the alleged onset date and the date of the decision. AR 19. At step two, the ALJ found that Plaintiff had the following severe impairments: anxiety, posttraumatic stress disorder, psychogenic seizure disorder, migraines, and headaches. AR 20. At step three, the ALJ found no impairment or combination of impairments that met or medically equaled the severity of any impairment listed in Appendix I to Subpart P of Part 404 of Title 20, Code of Federal Regulations. AR 20. The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff can perform a full range of work at all exertional levels as defined in 20 C.F.R. § 404.1567(c), with the following additional non-exertional limitations:

> [She] can never climb ladders/ropes/scaffolds, should have no exposure to hazards such as moving mechanical parts, unprotected heights, or operating a motor vehicle, should have only occasional exposure to vibration, and should not have exposure to noise greater than the moderate level. The claimant is limited to understanding and remembering simple instructions, limited to performing simple and routine tasks and making simple work-related decisions, and can tolerate occasional changes in work setting.

PAGE 2 – OPINION AND ORDER

AR 21.

At step four, the ALJ found that Plaintiff was unable to perform past relevant work as an American Sign Language interpreter. AR 25. At step five, the ALJ determined there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as day worker, bagger, and cafeteria attendant. AR 25–26. The ALJ therefore found Plaintiff not disabled. AR 26.

## STANDARD OF REVIEW

The district court must uphold the Commissioner's decision if it is supported by substantial evidence and based on the proper legal standards. 42 U.S.C. § 405(g); *see also Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). When "evidence is susceptible of more than one rational interpretation," the ALJ's conclusion "must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff argues that the ALJ erred by improperly (1) discounting Plaintiff's testimony, (2) rejecting the medical opinions of Amanda LaCombe, LPC, Daniel Freidman, M.D., and Ann Gould, PA-C, and (3) failing to include all of Plaintiff's alleged seizure-related restrictions in the RFC.

**A.  The ALJ Did Not Err in Evaluating Plaintiff's Subjective Testimony**

Plaintiff argues "the ALJ improperly ignored [Plaintiff's] testimony regarding the extent of incapacity caused by seizures." Plaintiff's Opening Brief ("Pl. Br."), ECF 8 at 7.

There is a two-step process used in the Ninth Circuit for evaluating a claimant's testimony about the severity and effect of the claimant's symptoms. *Vasquez. v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

Second, "if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id*. (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citation omitted). In accord with this standard, the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective symptom testimony about the extent of her limitations.

The ALJ, applying the first step of the credibility framework, found that "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." AR 22. However, the ALJ went on, "the claimant's statements concerning the intensity, persistence and limiting effects of [her alleged] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." *Id.*

PAGE 4 – OPINION AND ORDER

First, the ALJ noted inconsistencies between Plaintiff's testimony and the objective medical record. AR 22–23. In her decision, the ALJ noted medical records that showed Plaintiff was seizure free for over three months in 2022, was asymptomatic for "many months" in 2023, and her neurologist reported in 2024 that Plaintiff's psychogenic non epileptic seizures occur less than once a month on average. AR 23 (citing AR 1145, 1512, 1593). Those records contradict Plaintiff's hearing testimony that she had one to twelve seizures a month on average. AR 44. The ALJ also noted Plaintiff's medical records that documented "5/5 grip strength and normal coordination" throughout the relevant period. AR 23 (citing AR 928, 961, 978, 1074, 1316). Those records contradict Plaintiff's hearing testimony that she had "hand grip issues" and "can't even unload the dishwasher due to the lack of hand gripping, dexterity in my hands." AR 44, 48. The ALJ properly established inconsistencies between the medical record and Plaintiff's testimony.

Second, the ALJ noted inconsistencies between Plaintiff's testimony and her activities of daily living. An ALJ may consider whether a Plaintiff's daily activities are inconsistent with her alleged symptoms. *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022); *see also* 20 C.F.R. § 404.1529(c)(3)(i). "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (citations omitted), *superseded on other grounds by regulation*, Revisions to Rules Regarding the Evaluation of Medical Evidence; Correction, 82 Fed. Reg. 15132-01 (Mar. 27, 2017).

The ALJ stated that Plaintiff's return to driving in January 2022 and ability to run errands and take her children to and from school suggested "her symptoms are not as debilitating as alleged." AR 22–23 (citing AR 835). Furthermore, the ALJ noted that despite Plaintiff's testified

fatigue, Plaintiff reported to working out six days per week, going for a run at a park, doing high intensity exercise many days per week, and occasionally practicing karate during the adjudicative period. AR 23 (citing AR 1145, 1162, 1520).

Because Plaintiff's daily activities contradicted her allegations of a totally debilitating impairment, the ALJ did not err as Plaintiff contends. *See Molina*, 674 F.3d at 1113; *see also Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (affirming ALJ's decision to discount a claimant's testimony in part because the claimant's testimony about the intensity of her pain was inconsistent with her ability "to perform various household chores such as cooking, laundry, washing dishes, and shopping.").

As discussed above, in discounting a claimant's testimony the ALJ must offer "specific, clear and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (citations omitted). "The standard isn't whether [the] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499. That standard is met here. The ALJ did not err in discounting Plaintiff's subjective symptom testimony due to inconsistencies between that testimony and record evidence.

**B.  Substantial Evidence Supports the ALJ's Evaluation of the Medical Opinion Evidence**

Plaintiff next argues the ALJ improperly rejected medical opinions provided by Amanda LaCombe, LPC, Dr. Daniel Freidman, MD, and Ann Gould, PA-C. Pl. Br. ECF 8 at 10, 18, 19-20. This Court concludes that the ALJ reasonably discounted LPC LaCombe's, Dr. Feidman's, and PA-C Gould's opinions.

    1.  **Legal Standard**

For disability claims filed on or after March 27, 2017, the ALJ no longer "weighs" medical opinions but instead determines which are most "persuasive." 20 C.F.R. § 404.1520c(a). The 2017 regulations eliminated the hierarchy of medical opinions and state that the agency does

PAGE 6 – OPINION AND ORDER

not defer to any particular medical opinions, even those from treating sources. *Id.*; *see also Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."). Under the 2017 regulations, the ALJ primarily considers the "supportability" and "consistency" of the opinions in determining whether an opinion is persuasive. 20 C.F.R. § 404.1520c(c). Supportability is determined by whether the medical source presents explanations and objective medical evidence to support their opinions. *Id.* § 404.1520c(c)(1). Consistency is determined by how consistent the opinion is with evidence from other medical and nonmedical sources. *Id.* § 404.1520c(c)(2).

An ALJ may also consider a medical source's relationship with the claimant by looking at factors such as the length, purpose, or extent of the treatment relationship, the frequency of the claimant's examinations, and whether there is an examining relationship. *Id.* § 404.1520c(c)(3). An ALJ is not, however, required to explain how she considered those secondary medical factors unless she finds that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical. *Id.* § 404.1520c(b)(2)-(3).

The regulations require ALJs to "articulate ... how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." *Id.* § 404.1520c(b). The court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. See 42 U.S.C. § 405(g); *Woods*, 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."). In reviewing the ALJ's opinion, this Court "may not reweigh the evidence or substitute our judgment for that of the ALJ." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir.

2021). Even when Plaintiff's explanation and the ALJ's explanation are reasonable, the Commissioner's conclusion "must be upheld." *Burch*, 400 F.3d at 679.

### 2. LPC LaCombe's Opinion

LPC LaCombe, a therapist employed by Triskelion, began treating Plaintiff on September 8th, 2022. AR 1460. In an opinion dated January 18, 2024, LPC LaCombe opined, in part, that Plaintiff had extreme limitations to her "[a]bility to remember locations and work-like procedures" as well as to her "[a]bility to understand, remember, and carry out detailed (3 or more step) instructions which may or may not be repetitive." AR 1554. LPC LaCombe opined that Plaintiff also had several extreme limitations to her ability to concentrate, persist or maintain pace, respond to demands, and adapt to changes in the workplace. AR 1555. LPC LaCombe opined Plaintiff would miss more than two days of work per month due to her impairments. AR 1556.

The ALJ found LPC LaCombe's opinion unpersuasive. AR 24 (citing AR 1554–56). The ALJ found LPC LaCombe's assessment of Plainitff's extreme limitations and opined absences or off-task behavior unsupported by LPC LaCombe's treatment notes of Plaintiff. AR 24. The ALJ found the opinion unsupported because, as summarized by the ALJ, LPC LaCombe's treatment notes described Plaintiff leading a "busy day-to-day life caring for her children, running the household, trying to accommodate all of her children's needs, and working part-time." AR 24 (citing AR 1532, 1533, 1551). The ALJ also found LPC LaCombe's opinion inconsistent with other medical evidence. AR 24. The ALJ noted that treatment notes of mental status exams from Wendy Wan, PMHNP, recorded Plaintiff's "adequate attention span and focus, linear and logical thought process, and grossly intact cognition and memory." AR 24 (citing AR 1496, 1500, 1501, 1508–09, 1523–24, 1537–38).

### 3. Dr. Freidman's Opinion

Dr. Freidman, a neurologist at Tuality Neurology (OHSU), treated Plaintiff from September 30, 2021 to December 14, 2023. AR 211, 1591. In an opinion dated February 13, 2024, Dr. Freidman opined Plaintiff had an average frequency of less than one seizure a month, could occasionally lift and carry objects up to fifty pounds, and would likely be absent from work because of her impairments about one day a month. AR 1591–94.

The ALJ found Dr. Freidman's opinion unpersuasive. AR 24. The ALJ noted Dr. Freidman's opinion that Plaintiff would be absent about one day a month was unsupported by explanation. AR 24. The ALJ further noted Dr. Freidman's opinion was inconsistent with Plaintiff's three-month window without a seizure causing loss of consciousness and her return to driving within six months after her first seizure. AR 24 (citing 835). The ALJ also found Dr. Freidman's opined limits to Plaintiff's ability to lift and carry not adequately explained, and therefore unsupported, and inconsistent with the medical record that reflected Plaintiff's "full motor strength, normal gait, and participation in strenuous activities." AR 24 (citing AR 512, 1074, 1326, 1520).

### 4. PA-C Gould's Opinion

PA-C Gould, a licensed and certified medical professional employed by Vida Family Medicine, was Plaintiff's primary care provider. AR 253. In an opinion dated January 19, 2024, PA-C Gould opined Plaintiff could stand and walk less than two hours in an eight-hour workday, would need additional breaks every hour to lie down for an hour, and would never be able to carry an object ten pounds or heavier. 1557–58. PA-C Gould also opined Plaintiff's symptoms would interfere with her ability to perform tasks for more than two-thirds of a day and would cause her to be absent from work more than two days a month. AR 1559–60.

The ALJ found PA-C Gould's opinion unpersuasive. AR 25. The ALJ noted Plaintiff's physical limitations, as opined by PA-C Gould, were not supported, inadequately explained, and inconsistent with Plaintiff's "full motor strength, normal gait, and participation in strenuous activities" as noted in Plaintiff's medical records. AR 25 (citations omitted). Similarly, the ALJ found PA-Gould's opinion regarding Plaintiff's unscheduled breaks and absences not supported or consistent with the record. AR 25. The ALJ noted the only medical problem listed by PA-C Gould was Plaintiff's seizures, and the level of seizure occurrence PA-C Gould presumed was inconsistent with Plaintiff's three-month window without a seizure causing loss of consciousness and her return to driving within six months of her first seizure. AR 25 (citations omitted).

Because the ALJ reasonably considered the supportability and consistency of LPC LaCombe's, Dr. Freidman's, and PA-C Gould's opinions about Plaintiff's limitations, and the ALJ's conclusions were supported by substantial evidence, this Court will not disturb the ALJ's finding.

## C. RFC Determination

Plaintiff's final assignment of error is that the ALJ's RFC fails to account for all of Plaintiff's limitations. The RFC must contemplate all medically determinable impairments, including those which the ALJ found non-severe, and evaluate all the relevant testimony, including the opinions of medical providers and the subjective symptom testimony set forth by the claimant. 20 C.F.R. §§ 404.1545, 404.1545; SSR 96–8p. In formulating the RFC, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations. *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Only those limitations which are supported by substantial evidence must be incorporated into the RFC. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

Here, Plaintiff's arguments that the RFC failed to account for all her functional limitations are specifically tied to the ALJ's discounting of Plaintiff's symptom testimony and LPC LaCombe's, Dr. Freidman's, and PA-C Gould's medical opinions. Thus, Plaintiff has not articulated an independent error here; her success rises and falls on the success of her other assignments of error, already addressed above. This Court cannot "engage in second-guessing" of how the ALJ evaluated Plaintiff's RFC; this Court must only ask whether substantial evidence supports the ALJ's ultimate conclusions. *Thomas*, 278 F.3d at 959. Because such evidence is found in the record, this Court affirms the ALJ's decision and the Commissioner's decision in turn.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 29th day of December, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 11 – OPINION AND ORDER